# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:00cr41-RH/WCS

ERIC BROOKS,

    Defendant.

_____/

## ORDER ON IMPLEMENTATION OF SENTENCE

Defendant Eric Brooks was convicted in this court on drug and firearm charges. He was sentenced on December 1, 2000, to 147 months in the Bureau of Prisons. Mr. Brooks was sentenced in state court on December 20, 2000, to 399 days time served on separate drug charges.

Mr. Brooks has requested that the Bureau of Prisons give him credit on his federal sentence for time spent in state custody on the separate state drug charges. Any such credit would be effected by a *nunc pro tunc* designation of the state facility where Mr. Brooks served his state sentence as the facility for service of an appropriate portion of his federal sentence. By letter dated August 30, 2005, the Bureau of Prisons has requested that this federal court "review this case to

determine if a nunc pro tunc designation is appropriate." The letter indicates that, if the court has no objections, Mr. Brooks' sentence will commence on the date of imposition (December 1, 2000), rather than the date he entered federal custody after service of his state sentence (December 20, 2000). The latter date would be the commencement date absent a *nunc pro tunc* designation.

This order responds to the Bureau's request.[1]

# I

With limited exceptions not applicable here, a district court cannot modify a sentence once entered. *See* 18 U.S.C. §3582. Nonetheless, there is authority for the proposition that a district court appropriately may make recommendations to the Bureau of Prisons of the type requested by the Bureau's letter. *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990); *see also United States v. Pineyro*, 112 F.3d 43, 45-46 (2d Cir. 1997). So far as I am aware, no court has specifically attempted to reconcile the making of such recommendations with the usual principles under which federal courts address issues only to the extent appropriate for resolution of cases properly within their jurisdiction. *See, e.g., Ashwander v. Tennessee Valley*

---

[1] The Bureau did not provide Mr. Brooks a copy of its letter. It *did* provide a copy to the United States Attorney, who has not responded. Because this order is not adverse to Mr. Brooks, I have not delayed consideration of the matter and entry of this order to afford Mr. Brooks notice and an opportunity to be heard.

*Auth.*, 297 U.S. 288, 341, 345-46, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J., concurring); *Hayburn's Case*, 2 U.S. (2 Dall.) 408, 1 L. Ed. 436 (1792) (forbidding federal courts from rendering advisory opinions or making determinations that are subject to revision by the executive branch).

## II

Consistent with 18 U.S.C. §3582, I decline to modify Mr. Brooks's sentence as imposed. I choose to make no recommendation concerning the facility to which Mr. Brooks should be designated. I thus neither object to, nor advise adherence to, the Bureau's preliminary determination to make a *nunc pro tunc* designation and thus to treat service of Mr. Brooks's federal sentence as having commenced on December 1, 2000.

## Conclusion

For these reasons,

IT IS ORDERED:

1. The clerk shall docket the letter dated August 30, 2005, from the Bureau of Prisons.

2. No recommendation is made to the Bureau of Prisons concerning *nunc pro tunc* of a state facility for service of defendant Eric Brooks's

federal sentence.

      3.  No determination is made concerning when service of Mr. Brooks's federal sentence began and what credit he is due on that sentence.

      SO ORDERED this 22d day of September, 2005.

                                      <u>s/Robert L. Hinkle</u>
                                      Chief United States District Judge